■ JAMES GIBBS, Respondent, v ROCHDALE VILLAGE, INC., Appellant, et al., Defendant. [724 NYS2d 324] —In an action to recover damages for personal injuries, the defendant Rochdale Village, Inc., appeals, as limited by its brief, from so much of

an order of the Supreme Court, Queens County (Schmidt, J.), dated July 5, 2000, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, and the complaint is dismissed in its entirety.

Ordinarily, there is no duty to remove snow and ice during an ongoing storm. However, if one takes steps to do so, liability may result if those efforts create a hazardous condition or exacerbate a natural hazard created by the storm (*see, Grillo v Brooklyn Hosp.,* 280 AD2d 452; *Suntken v 226 W. 75th St.,* 258 AD2d 314). It is undisputed that it was snowing when the plaintiff slipped and fell. Nevertheless, the plaintiff asserts that the sheet of ice upon which he slipped was created by the appellant's snow removal activities. The plaintiff's contention, argued in opposition to the appellant's prima facie showing of its entitlement to judgment as a matter of law, is not supported by any evidence other than his own speculation, which is insufficient to raise a triable issue of fact (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Bernstein v City of New York,* 69 NY2d 1020; *Taylor v New York City Tr. Auth.,* 266 AD2d 384). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.