■ CARMEN FERNANDEZ, Appellant, v CITY OF NEW YORK, Defendant, and NEW HAPPY NAILS, Respondent. [4 NYS3d 259]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered February 7, 2014, as granted the motion of the defendant New Happy Nails for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant New Happy Nails for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly slipped and fell on ice on a public sidewalk in Queens abutting premises occupied by the defendant New Happy Nails. Following the completion of discovery, New Happy Nails moved for summary judgment dismissing the complaint insofar as asserted against it, based on the storm-in-progress rule. The Supreme Court granted the motion. The plaintiff appeals.

Under the storm-in-progress rule, a property owner or tenant in possession will not be held responsible for accidents caused by snow or ice that accumulates on its premises during a storm, or on an abutting public sidewalk that it has a statutory duty to clear, " 'until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity' to ameliorate the hazards caused by the storm' " (*Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 524 [2012], quoting *Marchese v Skenderi*, 51 AD3d 642, 642 [2008]). However, once a landowner or a tenant in possession elects to engage in snow removal, it is required to act with "reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (*Yassa v Awad*, 117 AD3d 1037, 1038 [2014]; *see Gwinn v Christina's Polish Rest., Inc.*, 117 AD3d 789, 789-790 [2014]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]). Thus, New Happy Nails may be held liable for the allegedly hazardous condition on the sidewalk if it undertook snow and ice removal efforts during or immediately after the storm that made the naturally occurring condition more hazardous (*see Lee v Ilyasov*, 95 AD3d 1205, 1206 [2012]).

Here, New Happy Nails failed to establish its prima facie entitlement to judgment as a matter of law. New Happy Nails failed to demonstrate that it did not undertake to remove snow and ice during or immediately after the storm, and failed to show that any such efforts on its part did not create or exacerbate the alleged icy condition (*see Roger v Homestead Renovations, LLC*, 119 AD3d 668, 668 [2014]; *Yassa v Awad*, 117 AD3d at 1038; *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d at 524-525; *Lee v Ilyasov*, 95 AD3d at 1206).

Since New Happy Nails failed to meet its initial burden, the Supreme Court should have denied its motion without regard to the sufficiency of the plaintiff's opposition (*see Winegrad v*

*New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.