■ VIRA ARONOV, Appellant, v ST. VINCENT'S HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents. [43 NYS3d 99]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated January 30, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on ice on a sidewalk abutting the front entrance of an apartment building in Staten Island. The plaintiff commenced this personal injury action against the owner of the building and the building operators (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint, arguing that the ice that caused the plaintiff to slip and fall was the result of a storm in progress, and that the hazardous condition was not exacerbated by their efforts to remove snow from the premises. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

"Under the so-called storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Rabinowitz v Marcovecchio*, 119 AD3d 762, 762 [2014] [internal quotation marks omitted]; *see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 524 [2012]; *Weller v Paul*, 91 AD3d 945, 947 [2012]). However, "if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (*Rabinowitz v Marcovecchio*, 119 AD3d at 762 [internal quotation marks omitted]).

If a property owner has elected to clear a sidewalk during a storm in progress, the owner is required to act with reasonable care and may be liable if its efforts create a hazardous condition or exacerbate a natural hazard created by the storm (*see Yassa v Awad*, 117 AD3d 1037, 1038 [2014]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493, 494 [2005]; *Gibbs v Rochdale Vil.*, 282 AD2d 706, 707 [2001]). The mere failure of a defendant to remove all of the snow and ice, without more, does not establish that the defendant increased the risk of harm (*see Spicehandler v City of New York*, 279 App Div 755 [1951], *affd* 303 NY 946 [1952]; *see also Yen Hsia v City of New York*, 295 AD2d 565 [2002]; *Lakhan v Singh*, 269 AD2d 427 [2000]; *Delgado v City of New York*, 245 AD2d 540 [1997]).

Here, the defendants established, prima facie, that the icy condition that allegedly caused the plaintiff to fall was created by a storm in progress. The climatological records and expert affidavit submitted by the defendants showed that there was an ongoing storm, consisting of snow and freezing rain, at the

time of the plaintiff's accident (*see Scarlato v Town of Islip*, 135 AD3d 738, 739 [2016]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]). The defendants also demonstrated that their efforts to remove snow from the subject sidewalk did not create or exacerbate the icy condition (*see Mullaney v City of New York*, 125 AD3d 948, 949 [2015]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff offered nothing more than conjecture and speculation as to how the defendants' efforts to remove snow from the sidewalk created or exacerbated the icy condition upon which she allegedly slipped and fell (*see Krichevskaya v City of New York*, 30 AD3d 471, 472 [2006]). The evidence in the record does not support the plaintiff's assertion that the defendants' removal of snow from the sidewalk may have exposed a layer of bare ice beneath the snow (*cf. Chaudhry v East Buffet & Rest.*, 24 AD3d at 494).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.