Balagyozyan v Federal Realty Ltd. Partnership (2021 NY Slip Op 00827)





Balagyozyan v Federal Realty Ltd. Partnership


2021 NY Slip Op 00827


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-09304
2018-00478
 (Index No. 701723/14)

[*1]Gegham Balagyozyan, appellant,
v
Federal Realty Limited Partnership, et al., respondents.


Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Gregory Nahas of counsel), for appellant.
Martyn and Martyn, Mineola, NY (David C. Smith of counsel), for respondents Federal Realty Limited Partnership and New York Community Bank.
Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell of counsel), for respondent Kerry Schembre, doing business as Executive Snow.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 16, 2017, and (2) an order of the same court entered November 20, 2017. The order entered August 16, 2017, insofar as appealed from, granted those branches of the motion of the defendants Federal Realty Limited Partnership and New York Community Bank, and the separate motion of the defendant Kerry Schembre, doing business as Executive Snow, which were for summary judgment dismissing the complaint insofar as asserted against each of them. The order entered November 20, 2017, insofar as appealed from, in effect, upon reargument and renewal, adhered to the prior determination in the order entered August 16, 2017.
ORDERED that the appeal from so much of the order entered August 16, 2017, as granted those branches of the motion of the defendants Federal Realty Limited Partnership and New York Community Bank, and the separate motion of the defendant Kerry Schembre, doing business as Executive Snow, which were for summary judgment dismissing the complaint insofar as asserted against each of them is dismissed, as that portion of the order was superseded by the order entered November 20, 2017, made, in effect, upon reargument and renewal; and it is further,
ORDERED that the order entered November 20, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
On February 3, 2014, the plaintiff allegedly was injured when he slipped and fell on ice on a sidewalk abutting certain property owned by the defendant Federal Realty Limited [*2]Partnership (hereinafter Federal Realty), and leased by the defendant New York Community Bank (hereinafter NYCB). Pursuant to a written contract with Federal Realty, the defendant Kerry Schembre, doing business as Executive Snow (hereinafter Executive Snow), agreed to remove snow and ice from the property.
The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that the defendants were negligent in failing to remove snow and ice from the sidewalk. Thereafter, Federal Realty and NYCB moved, and Executive Snow separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered August 16, 2017, the Supreme Court, inter alia, granted those branches of the defendants' separate motions. Thereafter, the plaintiff moved, among other things, for leave to reargue and renew his opposition to those branches of the defendants' separate motions. In an order entered November 20, 2017, the court, inter alia, in effect, upon reargument and renewal, adhered to the prior determination. The plaintiff appeals.
Under the "storm-in-progress rule," a property owner, tenant in possession, or, where relevant, a snow removal contractor will not be held responsible for accidents caused by snow or ice that accumulates during a storm "until an adequate period of time has passed following the cessation of the storm to allow . . . an opportunity to ameliorate the hazards caused by the storm" (Fernandez v City of New York, 125 AD3d 800, 801 [internal quotation marks omitted]; see Smilowitz v GCA Serv. Group, Inc., 101 AD3d 1101, 1101-1102). "However, once a landowner or a tenant in possession elects to engage in snow removal, it is required to act with 'reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm'" (Fernandez v City of New York, 125 AD3d at 801, quoting Yassa v Awad, 117 AD3d 1037, 1038). "The mere failure of a defendant to remove all of the snow and ice, without more, does not establish that the defendant increased the risk of harm" (Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d 648, 649; see Negron v G.R.A. Realty, 307 AD2d 282).
Here, the defendants presented expert evidence and climatological data demonstrating, prima facie, that the accident occurred while a storm was in progress (see Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d at 649-650; Coyne v Talleyrand Partners, L.P., 22 AD3d 627, 628-629). The defendants also demonstrated, prima facie, that any efforts to remove snow and ice from the sidewalk during the storm did not create a hazardous condition or exacerbate the natural hazard created by the storm (see Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d at 649-650; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335).
Moreover, Executive Snow established that no duty was owed to the plaintiff under the snow removal contract to which the plaintiff was not a party (see Laronga v Atlas-Suffolk Corp., 164 AD3d 893). A "contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals identified three exceptions to the general rule, pursuant to which "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citation and internal quotation marks omitted]). Here, Executive Snow established, prima facie, that the snow removal contract was not a comprehensive and exclusive property maintenance obligation intended to displace Federal Realty's general duty to keep the premises in a safe condition (see Reeves v Welcome Parking Ltd. Liab. Co., 175 AD3d 633, 635), and that it did not launch a force or instrument of harm (see Roach v AVR Realty Co., LLC, 41 AD3d 821, 823-824). Further, the plaintiff did not allege that he detrimentally relied on Executive Snow's performance of its snow removal contract (see Laronga v Atlas-Suffolk Corp., 164 AD3d at 896).
Consequently, the defendants demonstrated their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against each of them. In opposition, the plaintiff failed to offer a reasonable excuse for his failure to tender an affidavit from his expert in [*3]admissible form (see Wynne v Diaz, 102 AD3d 862, 864-865), and failed to present admissible evidence sufficient to raise a triable issue of fact (see Zegarelli v Hughes, 3 NY3d 64; People v Patterson, 93 NY2d 80; Lakhan v Singh, 269 AD2d 427).
Accordingly, upon reargument and renewal, the Supreme Court properly adhered to the prior determination granting those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court