Flournoy v Marcy Residence, LLC (2022 NY Slip Op 01009)





Flournoy v Marcy Residence, LLC


2022 NY Slip Op 01009


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-08592
 (Index No. 512166/18)

[*1]Ernestina Flournoy, respondent,
v
Marcy Residence, LLC, appellant, et al., defendant.


Gladstein Keane & Partners, LLC, New York, NY (Thomas F. Keane of counsel), for appellant.
Louis C. Fiabane, New York, NY (Vincent C. Loiodice of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Marcy Residence, LLC, appeals from an amended order of the Supreme Court, Kings County (Katherine Levine, J.), dated June 21, 2019. The amended order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar asserted against it.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she slipped and fell on ice on a sidewalk abutting premises owned by the defendant Marcy Residence, LLC (hereinafter the defendant). She thereafter commenced this action to recover damages for personal injuries, alleging that the defendant's negligent snow removal efforts created or exacerbated a hazardous condition. The plaintiff testified at a General Municipal Law § 50-h hearing that there had been a mixture of rain and snow flurries falling on the day prior to the accident, but that on the morning of the accident the sidewalk on which she was walking was clear until she encountered a patch of ice at the place where she fell. Prior to discovery in the action, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an amended order dated June 21, 2019, the Supreme Court, among other things, denied that motion. The defendant appeals.
"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Scarlato v Town of Islip, 135 AD3d 738, 738 [internal quotation marks omitted]). "If a storm is ongoing, and a property owner elects to remove snow, the owner must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm" (Blair v Loduca, 164 AD3d 637, 639).
Here, in light of the plaintiff's testimony that the sidewalk was clear except for the patch of ice on which she slipped, and the defendant's failure to submit any evidence regarding what, if any, snow removal efforts it took, the defendant failed to demonstrate, prima facie, that it did not [*2]undertake to remove snow and ice during or immediately after the storm, and that any such efforts on its part did not create or exacerbate the alleged icy condition (see Fernandez v City of New York, 125 AD3d 800, 801). Additionally, the defendant failed to affirmatively demonstrate, prima facie, that the condition upon which the plaintiff fell was created during a single storm that occurred the day before the accident (cf. Blair v Loduca, 164 AD3d at 639; Scarlato v Town of Islip, 135 AD3d at 739).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court