Keeney v Hempstead Turnpike, LLC (2022 NY Slip Op 03235)





Keeney v Hempstead Turnpike, LLC


2022 NY Slip Op 03235


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-08120
 (Index No. 605525/16)

[*1]Richard Keeney, et al., appellants, 
v
Hempstead Turnpike, LLC, defendant third-party plaintiff- respondent, Stop and Shop Supermarket Company LLC, defendant second third-party plaintiff-respondent; East Coast Lot & Pavement Maintenance Corporation, third-party defendant-respondent, S & S Levittown, LLC, second third-party defendant-respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for appellants.
Martyn & Martyn, Mineola, NY (Christine J. Hill of counsel), for defendant third-party plaintiff-respondent and second third-party defendant-respondent.
Ahmuty, Demers & McManus (Cullen & Dykman, LLP, Garden City, NY [Nicholas M. Cardascia], of counsel), for defendant second third-party plaintiff-respondent.
Vincent D. McNamara, East Norwich, NY (Karen J. Walsh of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 13, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant second third-party plaintiff, Stop and Shop Supermarket Company, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, that branch of the separate motion of the defendant third-party plaintiff, Hempstead Turnpike, LLC, and the second third-party defendant, S & S Levittown, LLC, which was for summary judgment dismissing the complaint, and that branch of the separate motion of the third-party defendant, East Coast Lot & Pavement Maintenance Corporation, which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff, Hempstead Turnpike, LLC.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On January 21, 2014, at approximately 4:30 p.m., the plaintiff Richard Keeney (hereinafter the injured plaintiff) allegedly slipped and fell on snow on a sidewalk in front of a store operated by the defendant Stop & Shop Supermarket Company, LLC (hereinafter Stop & Shop). The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against Stop & Shop and the defendant Hempstead Turnpike, LLC (hereinafter Hempstead Turnpike), the owner [*2]of the subject property. After issue was joined, Hempstead Turnpike commenced a third-party action against East Coast Lot & Pavement Maintenance Corporation (hereinafter East Coast), a snow removal contractor. Stop & Shop commenced a second third-party action against S & S Levittown, LLC (hereinafter S & S Levittown), which holds the ground lease for the property. In an order entered June 13, 2019, the Supreme Court, inter alia, granted that branch of Stop & Shop's motion which was for summary judgment dismissing the complaint insofar as asserted against it, that branch of the separate motion of Hempstead Turnpike and S & S Levittown which was for summary judgment dismissing the complaint, and that branch of East Coast's separate motion which was for summary judgment dismissing the complaint insofar as asserted against Hempstead Turnpike. The plaintiff appeals.
"Under the storm-in-progress rule, a property owner, tenant in possession, or, where relevant, a snow removal contractor will not be held responsible for accidents caused by snow or ice that accumulates during a storm until an adequate period of time has passed following the cessation of the storm to allow . . . an opportunity to ameliorate the hazards caused by the storm" (Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751 [internal quotation marks omitted]; see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021). However, once a landowner or a tenant in possession elects to engage in snow removal during a storm in progress, "it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (Balagyozyan v Federal Realty L.P., 191 AD3d at 751 [internal quotation marks omitted]; see Morris v Home Depot USA, 152 AD3d 669, 670). "The mere failure of a defendant to remove all of the snow and ice, without more, does not establish that the defendant increased the risk of harm" (Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d 648, 649; see Balagyozyan v Federal Realty L.P., 191 AD3d at 751).
Here, in support of their motions, the movants relied on the transcripts of the plaintiffs' deposition testimony which established, prima facie, that a storm was in progress at the time of the accident (see Sherman v New York State Thruway Auth., 27 NY3d at 1021; Brito v New York City Hous. Auth., 189 AD3d 1155, 1156; Haxhia v Varanelli, 170 AD3d 679, 682). The movants' submissions also demonstrated, prima facie, that any efforts to remove snow and ice from the sidewalk during the storm did not create a hazardous condition or exacerbate the natural hazard created by the storm (see Balagyozyan v Federal Realty L.P., 191 AD3d at 751; Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d at 649-650). In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted that branch of Stop & Shop's motion which was for summary judgment dismissing the complaint insofar as asserted against it, that branch of the separate motion of Hempstead Turnpike and S & S Levittown which was for summary judgment dismissing the complaint, and that branch of East Coast's separate motion which was for summary judgment dismissing the complaint insofar as asserted against Hempstead Turnpike.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court