Henenlotter v Union Free Sch. Dist. No. 23 (2022 NY Slip Op 06116)

Henenlotter v Union Free Sch. Dist. No. 23

2022 NY Slip Op 06116

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-06622
 (Index No. 605701/18)

[*1]David Henenlotter, et al., respondents,
v
Union Free School District No. 23, et al., appellants.

Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Michael T. Regan of counsel), for appellants.
Duffy & Duffy, PLLC, Uniondale, NY (Lizbeth Morales of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered July 27, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On March 15, 2017, at approximately 5:55 a.m., the plaintiff David Henenlotter allegedly was injured when he slipped and fell on snow and ice on premises owned by the defendants. Henenlotter, and his wife suing derivatively, commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendants appeal.
"Under the storm-in-progress rule, a property owner, tenant in possession, or, where relevant, a snow removal contractor will not be held responsible for accidents caused by snow or ice that accumulates during a storm until an adequate period of time has passed following the cessation of the storm to allow . . . an opportunity to ameliorate the hazards caused by the storm" (Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751 [internal quotation marks omitted]; see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021). However, once a landowner or a tenant in possession elects to engage in snow removal during a storm in progress, "it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (Balagyozyan v Federal Realty L.P., 191 AD3d at 751 [internal quotation marks omitted]; see Morris v Home Depot USA, 152 AD3d 669, 670). "The mere failure of a defendant to remove all of the snow and ice, without more, does not establish that the defendant increased the risk of harm" (Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d 648, 649; see Balagyozyan v Federal Realty L.P., 191 AD3d at 751).
Here, in support of their motion, the defendants submitted, inter alia, Henenlotter's deposition testimony, which established, prima facie, that snow began to fall the day before the incident and continued to fall into the overnight hours, producing 6 to 12 inches of snow, and that [*2]the defendants did not have a reasonably sufficient time to ameliorate the hazards caused by the storm (see McCurdy v KYMA Holdings, LLC, 109 AD3d 799, 800; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839; Brandon v Hallivis, 67 AD3d 618, 619; Whitt v St. John's Episcopal Hosp., 258 AD2d 648). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, they failed to raise a triable issue of fact as to whether the defendants either created or exacerbated the condition which allegedly caused Henenlotter to slip and fall (see Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 619; McCurdy v KYMA Holdings, LLC, 109 AD3d at 800; Whitt v St. John's Episcopal Hosp., 258 AD2d at 649).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court