Johnson v Acumen Capital Partners, LLC (2023 NY Slip Op 00655)

Johnson v Acumen Capital Partners, LLC

2023 NY Slip Op 00655

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03832
 (Index No. 504540/15)

[*1]Wyatt H. Johnson, appellant, 
v
Acumen Capital Partners, LLC, et al., respondents (and a third-party action).

The Rybak Firm, PLLC, Brooklyn, NY (Maksim Leyvi of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York, NY (Kristine M. Taylor of counsel), for respondents Acumen Capital Partners, LLC, and ACP BK I, LLC.
Marin Goodman, LLP, Harrison, NY (Alexander J. Drago of counsel), for respondent Securitas Security Services USA, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 12, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Acumen Capital Partners, LLC, and ACP BK I, LLC, and the separate motion of the defendant Securitas Security Services USA, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Securitas Security Services USA, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendant Securitas Security Services USA, Inc., and one bill of costs to the defendants Acumen Capital Partners, LLC, and ACP BK I, LLC, payable by the plaintiff.
In June 2013, the plaintiff allegedly sustained personal injuries when he was struck by a security gate barrier arm that was lowering as he walked underneath it. The defendants Acumen Capital Partners, LLC, and ACP BK I, LLC (hereinafter together the Acumen defendants), owned the parking lot where the alleged incident occurred. At the time of the accident, the defendant Securitas Security Services USA, Inc. (hereinafter Securitas), provided security services at the parking lot and managed the guard house at the entryway pursuant to a security services agreement (hereinafter the security agreement).
The plaintiff commenced this action against the Acumen defendants, and later amended the complaint to add Securitas as a defendant. Thereafter, the Acumen defendants moved, and Securitas separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted those branches of the separate [*2]motions, and the plaintiff appeals.
A landowner has a duty to maintain its premises in a reasonably safe manner (see Flores v Harvest Moon Farm & Orchard, 206 AD3d 623, 624; Locke v Calamit, 175 AD3d 560, 561). "However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799; see Flores v Harvest Moon Farm & Orchard, 206 AD3d at 624).
Here, the Acumen defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them by demonstrating (1) that the barrier arm was an open and obvious condition, and (2) that it was not inherently dangerous as a matter of law (see Everett v CMI Servs. Corp., 206 AD3d 620, 621; Lonigro v TDC Elecs., 215 AD2d 534, 536). The Acumen defendants also demonstrated, prima facie, that they did not create the alleged condition and that they did not have actual or constructive notice of the alleged dangerous condition's existence (see Nelson v AMF Bowling Ctrs., Inc., 206 AD3d 929, 930; Rojecki v Genting N.Y., LLC, 176 AD3d 992, 993). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Acumen defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them (see Zuckerman v City of New York, 49 NY2d 557, 562).
"[A] contractual obligation, standing alone, will generally not give rise to . . . liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138; see Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751-752). However, a contracting party may be held liable to third persons "where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [internal quotation marks omitted]; see Balagyozyan v Federal Realty L.P., 191 AD3d at 752).
Here, Securitas established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against. Securitas demonstrated that it did not owe a duty of care to the plaintiff, since the plaintiff was not a party to the security agreement (see Sampaiolopes v Lopes, 172 AD3d 1128, 1130). Securitas further submitted evidence to establish that the barrier arm's descent was automatic, refuting allegations that its employees were negligent in operating the barrier arm. However, in opposition to Securitas's prima facie showing, the plaintiff raised triable issues of fact, inter alia, as to whether the barrier arm was in fact automatic or whether it was manually operated and, if its descent was manual, whether Securitas's employees launched a force or instrument of harm by negligently operating the barrier arm (see generally Espinal v Melville Snow Contrs., 98 NY2d at 142; Kaizu v Human Care Servs. for Families & Children, Inc., 167 AD3d 588). Accordingly, the Supreme Court erred in granting that branch of Securitas's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court