Corlette v SN Auto Repairs, Inc. (2024 NY Slip Op 02685)

Corlette v SN Auto Repairs, Inc.

2024 NY Slip Op 02685

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-02019
 (Index No. 701968/20)

[*1]George Corlette, respondent, 
v
SN Auto Repairs, Inc., et al., appellants.

Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for appellants.
Schwartzapfel Lawyers, P.C. (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), dated January 5, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured on November 15, 2018, at approximately 5:45 p.m., when she slipped and fell on snow on a sidewalk abutting premises owned by the defendant Sarah Vivar and occupied by the defendant SN Auto Repairs, Inc. (hereinafter SN Auto). In February 2020, the plaintiff commenced this action against the defendants to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order dated January 5, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
Under the storm-in-progress rule, a property owner or a tenant in possession will not be held responsible for accidents caused by snow or ice that accumulates during a storm until an adequate period of time has passed following the cessation of the storm to allow an opportunity to ameliorate the hazards caused by the storm (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021; Henenlotter v Union Free Sch. Dist. No. 23, 210 AD3d 657, 658). However, once a landowner or a tenant in possession elects to engage in snow removal during a storm in progress, "it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751 [internal quotation marks omitted]; see Morris v Home Depot USA, 152 AD3d 669, 670). "The mere failure of a defendant to remove all of the snow and ice, without more, does not establish that the defendant increased the risk of harm" (Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d 648, 649; see Keeney v Hempstead Turnpike, LLC, 205 AD3d 896, 897).
Here, in support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and of the owner of SN Auto, climatological data, and an [*2]expert affidavit, which established, prima facie, that snow began to fall in the early afternoon hours on the date of the accident and was still falling at the time of the accident (see Keeney v Hempstead Turnpike, LLC, 205 AD3d at 897; Balagyozyan v Federal Realty L.P., 191 AD3d at 751; Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d at 649-650). The defendants also demonstrated, prima facie, that their snow removal efforts during the storm did not create a hazardous condition or exacerbate the natural hazard created by the storm (see Keeney v Hempstead Turnpike, LLC, 205 AD3d at 898; Balagyozyan v Federal Realty L.P., 191 AD3d at 751; Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d at 649-650). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court