Laris v City of New York (2025 NY Slip Op 01210)

Laris v City of New York

2025 NY Slip Op 01210

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-02599
 (Index No. 515452/18)

[*1]Judith Laris, respondent, 
v
City of New York, defendant, Kamal Equity Company, LLC, appellant-respondent, Moufed Farraj, respondent-appellant (and a third-party action).

The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for appellant-respondent.
Rankin Savidge, PLLC (Thomas Torto, New York, NY, of counsel), for respondent-appellant.
Greenstein & Milbauer, LLP (The Law Offices of Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kamal Equity Company, LLC, appeals, and the defendant Moufed Farraj cross-appeals, from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 8, 2023. The order, insofar as appealed from, denied the motion of the defendant Kamal Equity Company, LLC, for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of the cross-motion of the defendant Moufed Farraj which were for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.
On March 8, 2018, the plaintiff allegedly slipped and fell on a patch of snow or ice on a sidewalk in Brooklyn and sustained injuries. The plaintiff commenced this action to recover damages for personal injuries against the defendant Kamal Equity Company, LLC (hereinafter Kamal Equity), which, at time of the accident, owned property located at 106 Dahill Road; the defendant Moufed Farraj, who, at the time of the accident, owned property located at 104 Dahill Road; and the defendant City of New York.
Kamal Equity moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it, arguing, inter alia, that the storm-in-progress rule applied. Farraj cross-moved, among other things, for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him, arguing that the storm-in-progress rule applied. In an order dated February 8, 2023, the Supreme Court, inter alia, denied the motion and those branches of the cross-motion. Kamal Equity appeals, and Farraj cross-appeals.
"Under the storm-in-progress rule, a property owner or tenant in possession will not be held responsible for accidents caused by snow or ice that accumulates on its premises during a storm, or on an abutting public sidewalk that it has a statutory duty to clear, until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Fernandez v City of New York, 125 AD3d 800, 801 [internal quotation marks omitted]; see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524, 524; see also Administrative Code of City of NY § 16-123[a]; DeJesus v Belle Apts. Hous. Dev. Funding Corp., 191 AD3d 424). Once a defendant establishes its prima facie entitlement to judgment as a matter of law under the storm-in-progress rule, the burden shifts to the party opposing summary judgment to raise a triable issue of fact as to whether the accident was caused by something other than precipitation from the storm in progress (see Burniston v Ranric Enters. Corp., 134 AD3d 973, 974; Meyers v Big Six Towers, Inc., 85 AD3d 877, 877-878).
However, even when a property owner's duty to engage in snow removal is suspended under the storm-in-progress rule, if a property owner elects to engage in snow removal, "it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm" (Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751 [internal quotation marks omitted]; see Corlette v SN Auto Repairs, Inc., 227 AD3d 858, 859; Gwinn v Christina's Polish Rest., Inc., 117 AD3d 789; Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d at 524). Where the record reflects that such voluntary snow removal efforts were undertaken, and the pleadings allege that such efforts were performed in a negligent manner, a party moving for summary judgment must demonstrate in support of his or her motion that the snow removal efforts neither created nor exacerbated the allegedly hazardous condition that caused the plaintiff to fall (see Sanfilippo v Kull, 230 AD3d 709; Flournoy v Marcy Residence, LLC, 202 AD3d 931, 932; Blair v Loduca, 164 AD3d 637, 639; Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d 1177, 1177; cf. Polis v City of New York, 230 AD3d 807).
Here, Kamal Equity failed to establish its prima facie entitlement to judgment as a matter of law. Kamal Equity failed to demonstrate, prima facie, that the ice and snow removal efforts that admittedly were undertaken on the morning of the accident and prior to the plaintiff's fall did not create or exacerbate the icy condition that allegedly caused the accident (see Flournoy v Marcy Residence, LLC, 202 AD3d at 932; Roger v Homestead Renovations, LLC, 119 AD3d 668, 669; Gwinn v Christina's Polish Rest., Inc., 117 AD3d at 789-790; see also Maynard-Keeler v New York City Hous. Auth., 161 AD3d 470, 470). Since Kamal Equity failed to meet its initial burden, the Supreme Court properly denied its motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Fernandez v City of New York, 125 AD3d at 801-802).
As to those branches of Farraj's cross-motion which were for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him, inasmuch as Farraj does not challenge on appeal the Supreme Court's determination to deny those branches of his cross-motion as an improper successive motion for summary judgment, Farraj's contentions regarding the merits of those branches of his cross-motion are academic (see Vinar v Litman, 110 AD3d 867, 869; see generally AA Med., P.C. v Employee Med. Health Plan of Suffolk County, 229 AD3d 487; Raghoo v State of New York, 207 AD3d 673). Farraj's remaining contention is without merit.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court