**Miccio v 2400 E. 3 Owner Corp.**

2026 NY Slip Op 30676(U)

February 19, 2026

Supreme Court, Kings County

Docket Number: Index No. 512288/2024

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Term Part 95 of the
Supreme Court of the State of New York,
held in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York on the 19th day of February 2026.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------X

TRACY MICCIO,

                                 Plaintiffs,

-against-

2400 EAST 3 OWNERS CORP. and
ALVIC PROPERTY MANAGEMENT,

                                 Defendants.

-------------------------------------------------------------------X

Index No. 512288/2024
Cal. No.     MS 1

DECISION AND ORDER

| The following e-filed papers read herein | NYSCEF Doc Nos. |
|---|---|
| MS 1 | 1-40 |

Upon the foregoing cited papers, Defendants' motion for summary judgment is decided as follows:

This matter arises from an accident that occurred on January 16, 2024, at approximately 8:20 p.m, when the Plaintiff slipped and fell on snow or ice in the rear courtyard of her apartment building located at 2400 East 3rd Street, Brooklyn, NY, from which she allegedly suffered injuries. The superintendent of the building witnessed the fall and indicated it snowed "off and on" all day, and the area had been mostly cleared of snow and salted. He acknowledged he had engaged in a conversation with plaintiff just prior to her fall, and when she fell he observed an area of melted snow, that had been pushed to the side of the walkway where someone could potentially fall (Tr.

1

[* 1]

Pg 75, 6-11 ; 21-25; Tr. Pg 76; 1-6). At the time of her fall, he was addressing other spots which he determined also required salt (Tr. Pg 62; 24-25).

Defendants assert at the time of the accident there was a storm in progress. Plaintiff asserts there was no storm in progress, and even if it were, Defendants were also negligent in clearing the snow and ice from the premises.

It is well established that summary judgment is granted when "the proponent makes a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the opponent fails to rebut that showing" (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010] [citation omitted]). Once the proponent has made a prima facie showing, the burden then shifts to the motion's opponent to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). Upon a motion for summary judgment, the court's function is one of issue finding rather than issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012] [citation omitted]).

New York City Administrative Code § 16-123, provides that:

> Every owner, lessee, tenant, occupant, or other person, having charge of any building or lot of ground in the city, abutting any street where the sidewalk is paved, shall within four hours after the snow ceases to fall, or after the deposit of any dirt or other material upon such sidewalk, remove the snow or ice, dirt, or other material from the sidewalk and gutter, the time between nine post meridian and seven ante meridian not being included in the above period of four hours.

2

[* 2]

As the proponent of the motion for summary judgment, Defendants have the burden of establishing that they neither created the snow and ice condition nor had constructive notice of the condition (*see Meyers v Big Six Towers*, Inc., 85 AD3d 877 [2d Dept 2011]). This burden may be met by establishing that there was a storm in progress (*Smith v Christ's First Presbyterian Church of Hempstead*, 93 AD3d 839 [2d Dept 2012]). In this event, the property owner will not be held liable until an adequate period of time has passed following the cessation of the storm, during which it may ameliorate the hazards caused by the storm (*id.*).

The certified Climatological Data from JFK airport establish that two inches of snow fell between the evening of January 15 and 16, 2024, ending at approximately 5:08 p.m, a little more than three hours prior to the accident. The weather records also reveal freezing rain, freezing drizzle and mist throughout the day. Accordingly, the court finds Defendants were entitled to the benefits of a storm in progress until 5:08 pm on January 16, 2024, and thus their statutory duty to clear the snow was suspended until at least 9:08 p.m (*Fernandez v City of New York*, 125 AD3d 800 [2d Dept 2015).

However, previous courts have held once a land owner or tenant in possession elects to engage in snow removal, although entitled to the benefits of a storm in progress, as here, it is required to act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by the storm (*id.*)([citations and quotations omitted]).

Here, it is evident by the building superintendent's testimony that, even after the subject area was initially shoveled and salted throughout the day, and continuing until Plaintiff's fall, there remained portions of the walkway that "warranted further attention, inclusive of the area where plaintiff fell." Accordingly, there is an issue of fact regarding whether Defendants, in

3

[* 3]

removing the snow, acted with reasonable care so as to avoid creating a hazardous condition or exacerbated a natural hazard created by the storm (*see Fernandez v City of New York*, 125 AD3d 800 [2d Dept 2015). Therefore, the motion for summary judgment is denied.

ENTER:

_____
Hon. Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

4